1  ANDRÉ BIROTTE JR.
   United States Attorney
2  DENNISE D. WILLETT
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   MARK P. TAKLA (Cal. Bar No. 218111)
4  Assistant United States Attorney
   Santa Ana Branch Office
5       United States Attorney's Office
        411 West Fourth Street, Suite 8000
6       Santa Ana, California 92701
        Telephone: (714) 338-3591
7       Facsimile: (714) 338-3561
        E-mail: mark.takla@usdoj.gov
8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9

10                   UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        ) SA CR No. 12-120-CJC
                                     )
13                  Plaintiff,       ) PLEA AGREEMENT FOR DEFENDANT
                                     ) ERIC LAMAR WELLS
14             v.                    )
                                     )
15  ERIC LAMAR WELLS,                )
                                     )
16                  Defendant.       )
                                     )
17                                   )
                                     )
18  _____ )

19       The original plea agreement filed on June 13, 2012 had

20  missing page numbering on pages 13-18 and A1-A3.  At the change

21  of plea hearing, the Court asked counsel and defendant to initial

22  the pages that were not numbered.  Attached is the original plea

23  agreement with counsel's and defendant's initials on the non-

24  paginated pages.

25

26

27

28

ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
MARK P. TAKLA (Cal. Bar No. 218111)
Assistant United States Attorney
Santa Ana Branch Office
    United States Attorney's Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3591
    Facsimile: (714) 338-3561
    E-mail: mark.takla@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CR No. 12-120-CJC |
|            Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
|            v. | ) <u>ERIC LAMAR WELLS</u> |
| ERIC LAMAR WELLS, | ) |
|            Defendant. | ) |

1. This constitutes the plea agreement between ERIC LAMAR WELLS ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts five

1 and six of the indictment in <u>United States v. Eric Lamar Wells</u>,

2 SA CR No. 12-120-CJC, which charge defendant with Transportation

3 of Minors into Prostitution in violation of 18 U.S.C. § 2423(a).

4     b) Not contest facts agreed to in this agreement.

5     c) Abide by all agreements regarding sentencing

6 contained in this agreement.

7     d) Appear for all court appearances, surrender as

8 ordered for service of sentence, obey all conditions of any bond,

9 and obey any other ongoing court order in this matter.

10     e) Not commit any crime; however, offenses that would

11 be excluded for sentencing purposes under United States

12 Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")

13 § 4A1.2(c) are not within the scope of this agreement.

14     f) Be truthful at all times with Pretrial Services, the

15 United States Probation Office, and the Court.

16     g) Pay the applicable special assessments at or before

17 the time of sentencing unless defendant lacks the ability to pay

18 and prior to sentencing submits a completed financial statement

19 on a form to be provided by the USAO.

20     h) Recommend that defendant be sentenced to a period of

21 supervised release of no less than 8 years.

22     i) Agree to and not oppose the imposition of the

23 following conditions of probation or supervised release: those

24 conditions listed in Appendix A to this plea agreement.

25                    <u>THE USAO'S OBLIGATIONS</u>

26     3.   The USAO agrees to:

27     a) Not contest facts agreed to in this agreement.

28

b) Abide by all agreements regarding sentencing contained in this agreement.

c) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees; however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e) Recommend that defendant be sentenced to the mandatory minimum term of imprisonment of 10 years imprisonment on each count to be served concurrently.

f) Recommend that defendant be sentenced to a period of supervised release of no greater than 8 years.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in counts five and six, that is, Transportation of Minors into Prostitution, in violation of Title 18, United States Code, Section 2423(a), the following must be true: (1) the defendant transported an individual from one state to another; (2) the defendant did so with the intent that the individual

1  engage in prostitution; and (3) the individual was under the age

2  of eighteen years at the time.

3  <u>PENALTIES AND RESTITUTION</u>

4      5. Defendant understands that the statutory maximum

5  sentence that the Court can impose for a violation of Title 18,

6  United States Code, Section 2423(a), is: a lifetime of

7  imprisonment; a lifetime of supervised release; a fine of

8  $250,000 or twice the gross gain or gross loss resulting from the

9  offense, whichever is greatest; and a mandatory special

10 assessment of $100.

11     6. Defendant understands that the statutory mandatory

12 minimum sentence that the Court must impose for a violation of

13 Title 18, United States Code, Section 2423(a), is 10 years

14 imprisonment, 5 year period of supervised release, and a

15 mandatory special assessment of $100.

16     7. Defendant understands, therefore, that the total maximum

17 sentence for all offenses to which defendant is pleading guilty

18 is: a lifetime of imprisonment; a lifetime of supervised release;

19 a fine of $500,000 or twice the gross gain or gross loss

20 resulting from the offenses, whichever is greatest; and a

21 mandatory special assessment of $200.

22     8. Defendant understands that defendant will be required to

23 pay full restitution to the victim(s) of the offenses to which

24 defendant is pleading guilty. Defendant agrees that, in return

25 for the USAO's compliance with its obligations under this

26 agreement, the Court may order restitution to persons other than

27 the victim(s) of the offenses to which defendant is pleading

28 guilty and in amounts greater than those alleged in the counts to

4

1  which defendant is pleading guilty.  In particular, defendant

2  agrees that the Court may order restitution to any victim of any

3  of the following for any losses suffered by that victim as a

4  result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3,

5  in connection with the offenses to which defendant is pleading

6  guilty; and (b) any counts dismissed pursuant to this agreement

7  as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3,

8  in connection with those counts and charges.

9      9.  Defendant understands that supervised release is a

10  period of time following imprisonment during which defendant will

11  be subject to various restrictions and requirements.  Defendant

12  understands that if defendant violates one or more of the

13  conditions of any supervised release imposed, defendant may be

14  returned to prison for all or part of the term of supervised

15  release authorized by statute for the offense that resulted in

16  the term of supervised release.

17      10.  Defendant understands that as a condition of supervised

18  release, under 18 U.S.C. § 3583(d), defendant will be required to

19  register as a sex offender.  Defendant understands that

20  independent of supervised release, he will be subject to federal

21  and state registration requirements, for a possible maximum term

22  of registration up to and including life.  Defendant further

23  understands that, under 18 U.S.C. § 4042(c), notice will be

24  provided to certain law enforcement agencies upon his release

25  from confinement following conviction.

26      11.  Defendant understands that, by pleading guilty,

27  defendant may be giving up valuable government benefits and

28  valuable civic rights, such as the right to vote, the right to

5

1  possess a firearm, the right to hold office, and the right to

2  serve on a jury.  Defendant understands that once the court

3  accepts defendant's guilty plea, it will be a federal felony for

4  defendant to possess a firearm or ammunition.  Defendant

5  understands that the conviction in this case may also subject

6  defendant to various other collateral consequences, including but

7  not limited to revocation of probation, parole, or supervised

8  release in another case and suspension or revocation of a

9  professional license.  Defendant understands that unanticipated

10  collateral consequences will not serve as grounds to withdraw

11  defendant's guilty plea.

12       12.    Defendant understands that, if defendant is not a

13  United States citizen, the felony conviction in this case may

14  subject defendant to: removal, also known as deportation, which

15  may, under some circumstances, be mandatory; denial of

16  citizenship; and denial of admission to the United States in the

17  future.  The court cannot, and defendant's attorney also may not

18  be able to, advise defendant fully regarding the immigration

19  consequences of the felony conviction in this case.  Defendant

20  understands that unexpected immigration consequences will not

21  serve as grounds to withdraw defendant's guilty plea.

                          FACTUAL BASIS

23       13.    Defendant admits that defendant is, in fact, guilty of

24  the offense to which defendant is agreeing to plead guilty.

25  Defendant and the USAO agree to the statement of facts provided

26  below and agree that this statement of facts is sufficient to

27  support pleas of guilty to the charges described in this

28  agreement and to establish the Sentencing Guidelines factors set

1   forth in paragraph 15 below but is not meant to be a complete

2   recitation of all facts relevant to the underlying criminal

3   conduct or all facts known to either party that relate to that

4   conduct.

5        On or about April 15, 2012 in Las Vegas, Nevada, defendant

6   recruited MINOR #1 and MINOR #2 to work as prostitutes for him.

7   From April 15, 2012 through April 25, 2012, MINOR #1 was 14 years

8   old and MINOR #2 was 17 years old.  On April 15, 2012, defendant

9   and codefendant Tonisha Moore transported MINOR #1 and MINOR #2

10  to Phoenix, Arizona for the purpose that MINOR #1 and MINOR #2

11  engage in prostitution.  In Phoenix, MINOR #1 and MINOR #2

12  engaged in commercial sex acts to include sexual intercourse for

13  money and provided that money to defendant.  On April 21, 2012,

14  defendant and codefendant Tonisha Moore transported MINOR #1 and

15  MINOR #2 to Anaheim, California in Orange County within the

16  Central District of California for the purpose that MINOR #1 and

17  MINOR #2 engage in prostitution.  In Orange County, California on

18  April 23, 2012, MINOR #1 and MINOR #2 engaged in commercial sex

19  acts to include sexual intercourse for money and provided that

20  money to defendant.  On April 24, 2012, defendant and codefendant

21  Tonisha Moore transported MINOR #2 to Sacramento, California for

22  the purpose that MINOR #2 engage in prostitution.  From April 15,

23  2012 through April 21, 2012, defendant had a reasonable

24  opportunity to observe MINOR #1 and MINOR #2 and acted in

25  reckless disregarded the fact that MINOR #1 and MINOR #2 were

26  both under 18 years of age.  From April 15, 2012 through April

27  24, 2012, defendant used a computer to post online commercial sex

28  act advertisements for MINOR #1 and MINOR #2.

## SENTENCING FACTORS

14.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 28 | U.S.S.G. § 2G1.3(a)(3) |
| Use of a computer | : | +2 | U.S.S.G. § 2G1.3(b)(3)(B) |
| Commission of a sex act | : | +2 | U.S.S.G. § 2G1.3(b)(4) |
| Grouping/Multiple Victims: | | +2 | U.S.S.G. § 2G1.3(d)(1) |
| Acceptance of Responsibility | : | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level | : | 31 | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3) are met.  Subject to paragraph 28 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in

writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section. Defendant understands that the Court must sentence defendant to a term of 10 years imprisonment on counts five and six.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

9

1          d) The right to be presumed innocent and to have the

2  burden of proof placed on the government to prove defendant

3  guilty beyond a reasonable doubt.

4          e) The right to confront and cross-examine witnesses

5  against defendant.

6          f) The right to testify and to present evidence in

7  opposition to the charges, including the right to compel the

8  attendance of witnesses to testify.

9          g) The right not to be compelled to testify, and, if

10  defendant chose not to testify or present evidence, to have that

11  choice not be used against defendant.

12          h) Any and all rights to pursue any affirmative

13  defenses, Fourth Amendment or Fifth Amendment claims, and other

14  pretrial motions that have been filed or could be filed.

15              <u>WAIVER OF APPEAL OF CONVICTION</u>

16     19. Defendant understands that, with the exception of an

17  appeal based on a claim that defendant's guilty pleas were

18  involuntary, by pleading guilty defendant is waiving and giving

19  up any right to appeal defendant's convictions on the offenses to

20  which defendant is pleading guilty.

21        <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

22     20. Defendant agrees that, provided the Court imposes a

23  total term of imprisonment on all counts of conviction of no more

24  than 168 months imprisonment, defendant gives up the right to

25  appeal all of the following: (a) the procedures and calculations

26  used to determine and impose any portion of the sentence; (b) the

27  term of imprisonment imposed by the Court; (c) the fine imposed

28  by the court, provided it is within the statutory maximum; (d)

the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above and as stated in Appendix A.

21.   The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any

1  such action, except to the extent that such defenses existed as

2  of the date of defendant's signing this agreement.

3  <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

4      23.  Defendant agrees that if any count of conviction is

5  vacated, reversed, or set aside, the USAO may: (a) ask the Court

6  to resentence defendant on any remaining count of conviction,

7  with both the USAO and defendant being released from any

8  stipulations regarding sentencing contained in this agreement,

9  (b) ask the Court to void the entire plea agreement and vacate

10  defendant's guilty plea on any remaining count of conviction,

11  with both the USAO and defendant being released from all their

12  obligations under this agreement, or (c) leave defendant's

13  remaining conviction, sentence, and plea agreement intact.

14  Defendant agrees that the choice among these three options rests

15  in the exclusive discretion of the USAO.

16  <u>EFFECTIVE DATE OF AGREEMENT</u>

17      24.  This agreement is effective upon signature and

18  execution of all required certifications by defendant,

19  defendant's counsel, and an Assistant United States Attorney.

20  <u>BREACH OF AGREEMENT</u>

21      25.  Defendant agrees that if defendant, at any time after

22  the signature of this agreement and execution of all required

23  certifications by defendant, defendant's counsel, and an

24  Assistant United States Attorney, knowingly violates or fails to

25  perform any of defendant's obligations under this agreement ("a

26  breach"), the USAO may declare this agreement breached.  All of

27  defendant's obligations are material, a single breach of this

28  agreement is sufficient for the USAO to declare a breach, and

1  defendant shall not be deemed to have cured a breach without the

2  express agreement of the USAO in writing.  If the USAO declares

3  this agreement breached, and the Court finds such a breach to

4  have occurred, then: (a) if defendant has previously entered

5  guilty pleas pursuant to this agreement, defendant will not be

6  able to withdraw the guilty pleas, and (b) the USAO will be

7  relieved of all its obligations under this agreement.

8     26.  Following the Court's finding of a knowing breach of

9  this agreement by defendant, should the USAO choose to pursue any

10 charge that was either dismissed or not filed as a result of this

11 agreement, then:

12         a) Defendant agrees that any applicable statute of

13 limitations is tolled between the date of defendant's signing of

14 this agreement and the filing commencing any such action.

15         b) Defendant waives and gives up all defenses based on

16 the statute of limitations, any claim of pre-indictment delay, or

17 any speedy trial claim with respect to any such action, except to

18 the extent that such defenses existed as of the date of

19 defendant's signing this agreement.

20         c) Defendant agrees that: (i) any statements made by

21 defendant, under oath, at the guilty plea hearing (if such a

22 hearing occurred prior to the breach); (ii) the agreed to factual

23 basis statement in this agreement; and (iii) any evidence derived

24 from such statements, shall be admissible against defendant in

25 any such action against defendant, and defendant waives and gives

26 up any claim under the United States Constitution, any statute,

27 Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

28 Federal Rules of Criminal Procedure, or any other federal rule,

13

1    that the statements or any evidence derived from the statements

2    should be suppressed or are inadmissible.

3                    COURT AND PROBATION OFFICE NOT PARTIES

4         27.  Defendant understands that the Court and the United

5    States Probation Office are not parties to this agreement and

6    need not accept any of the USAO's sentencing recommendations or

7    the parties' agreements to facts or sentencing factors.

8         28.  Defendant understands that both defendant and the USAO

9    are free to: (a) supplement the facts by supplying relevant

10   information to the United States Probation Office and the Court,

11   (b) correct any and all factual misstatements relating to the

12   Court's Sentencing Guidelines calculations and determination of

13   sentence, and (c) argue on appeal and collateral review that the

14   Court's Sentencing Guidelines calculations and the sentence it

15   chooses to impose are not error, although each party agrees to

16   maintain its view that the calculations in paragraph 15 are

17   consistent with the facts of this case.  While this paragraph

18   permits both the USAO and defendant to submit full and complete

19   factual information to the United States Probation Office and the

20   Court, even if that factual information may be viewed as

21   inconsistent with the facts agreed to in this agreement, this

22   paragraph does not affect defendant's and the USAO's obligations

23   not to contest the facts agreed to in this agreement.

24        29.  Defendant understands that even if the Court ignores

25   any sentencing recommendation, finds facts or reaches conclusions

26   different from those agreed to, and/or imposes any sentence up to

27   the maximum established by statute, defendant cannot, for that

28   reason, withdraw defendant's guilty pleas, and defendant will

14.

1   remain bound to fulfill all defendant's obligations under this

2   agreement.  Defendant understands that no one -- not the

3   prosecutor, defendant's attorney, or the Court -- can make a

4   binding prediction or promise regarding the sentence defendant

5   will receive, except that it will be within the statutory

6   maximum.

7                       NO ADDITIONAL AGREEMENTS

8        30.  Defendant understands that, except as set forth herein,

9   there are no promises, understandings, or agreements between the

10  USAO and defendant or defendant's attorney, and that no

11  additional promise, understanding, or agreement may be entered

12  into unless in a writing signed by all parties or on the record

13  in court.

14            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

15       31.  The parties agree that this agreement will be

16  considered part of the record of defendant's guilty plea hearing

17  ///

18

19

20

21

22

23

24

25

26

27

28

1  as if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
   ANDRÉ BIROTTE JR.
6  United States Attorney

7

8  _____              6/13/2012
   MARK P. TAKLA                            Date
9  Assistant United States Attorney

10

11 _____              6-10-2012
   ERIC LAMAR WELLS                         Date
12 Defendant

13

14 _____              6-10-12
   ROBERT MICHAEL HELFEND                   Date
15 Attorney for Defendant
   Eric Lamar Wells

16

17

18

19

20

21

22

23

24

25

26

27

28

16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

Eric Wells                                    6-13-12
_____               _____
ERIC LAMAR WELLS                              Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Eric Lamar Wells's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____                    6-13-12
ROBERT MICHAEL HELFEND                              Date
Attorney for Defendant
Eric Lamar Wells

### APPENDIX A

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  The defendant shall provide proof of registration to the Probation Officer within  days of placement on probation;

The defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program.  The Probation Officer shall disclose the presentence report or any previous mental health evaluations or reports to the treatment provider;

As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2);

The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8);  This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider for the probation officer has approved of his possession of the material in advance;

The defendant shall not contact the victim, or, by any means, including in person, by mail or electronic means, or via third parties.  Further, the defendant shall remain at least 100 yards from the victim(s) at all times.  If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18;

A1

The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a)  in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of her conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services;

The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and or organization that causes her to regularly contact persons under the age of 18;

The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2);

The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change;

The defendant shall submit her person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and her effects to search at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision functions;

The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices are personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers;

All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure.  This shall not apply to items used

at the employment's site, which are maintained and monitored by the employer; and

The defendant shall comply with the rules and regulations of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

A3